IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GARY DEAN LEE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Case No. 05-295-GPM-PMF |
| | ) |
| **ALAN UCHTMAN,** | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Gary Dean Lee's § 2254 petition for a writ of habeas corpus. Lee is confined at Menard Correctional Center, where he is serving a life sentence and other terms of incarceration for first degree murder, robbery, theft, and residential burglary. Lee's convictions were imposed following a November, 1998, jury trial in Williamson County, Illinois. Liberally construing the allegations in the *pro se* petition, Lee offers the following grounds for habeas relief:

1. The trial court deprived Lee of his Fifth and Fourteenth Amendment right to due process of law by admitting into evidence a fingerprint card from a prior arrest.

2. The prosecution deprived Lee of his Fourteenth Amendment right to equal protection of the law by using a peremptory challenge to exclude the only potential black juror.

3. The trial court violated the one act-one crime rule by imposing multiple convictions and sentences for a single act of property deprivation.

4. The trial court deprived Lee of his Fifth, Sixth, and Fourteenth Amendment rights by enhancing his sentence for the crime of murder beyond 60 years based on facts that were not proved beyond a reasonable doubt at his jury trial.

5. The trial court deprived Lee of his Sixth and Fourteenth Amendment rights to equal protection by moving the trial to Williamson County, which did not have a minority population similar to Jackson County, where the crime occurred.

### I.  Cognizable Claim

Respondent argues that Ground 3 is not cognizable in a federal habeas proceeding. Lee asserts that his robbery and theft convictions violate the one-act, one-crime rule because both convictions are based on a single act of taking possession of property.

Habeas relief is available only on the ground that a prisoner is in custody in violation of the Constitution or law or treaties of the United States. 28 U.S.C. § 2254(a). The "one act - one crime" rule is a rule established by state common law, namely *People v. King*, 363 N.E.2d 838 (Ill. 1977). As such, the claim does not present a viable ground for federal habeas relief. *See King v. Cahill-Masching*, 169 F. Supp. 2d 849, 854 (N.D. Ill. 2001).

### II.  Procedural Default

Respondent argues that Grounds 1 and 5 are barred by the doctrine of procedural default. Lee responds that he properly presented the operative facts and legal issues pertaining to Ground 5 during state post-conviction proceedings. He also claims that any procedural default of Ground 5 is excused by a showing of cause and prejudice.

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies by giving the state an opportunity to correct violations of federal rights at each level of review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). The prisoner must "fairly present" his claim by alerting the state courts to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In other words, petitioner must show that the state courts were fairly apprised that the errors in his state criminal court proceedings had Constitutional ramifications. A Constitutional claim is fairly presented when the state court is alerted to the operative facts and controlling legal principles. *Harding v. Sternes*, 380 F.3d 1034, 1046 (7th Cir. 2004). A procedurally defaulted claim

may be addressed upon a showing of cause for the default and resulting prejudice or when failure to consider the claim on the merits will result in manifest injustice.

In Ground 1, Lee challenges the trial court's decision to admit fingerprint evidence. During trial, the prosecution offered a fingerprint card obtained from files kept by the Jackson County Sheriff's Department. An argument regarding improper admission of fingerprint evidence was presented to the Illinois courts on direct appeal and in a petition seeking leave to appeal to the Illinois Supreme Court. However, Lee did not ask the state courts to resolve a federal due process claim. Citing state court decisions, he argued that the trial court abused its discretion by admitting irrelevant and prejudicial evidence (Doc. No. 11-3, pp. 24-26). The abuse of discretion argument is based on state law and is distinct from a federal due process argument, which focuses on the validity of the verdict and the likelihood that an innocent person has been convicted. Because Lee failed to fairly present his federal due process claim to the state courts, Ground 1 is in procedural default.

In Ground 5, Lee claims that the trial court deprived him of his Fourteenth Amendment right to equal protection by granting his motion for a change of venue and then moving his trial from Jackson County to Williamson County. Lee believes the trial court properly changed venue but should have selected a county having a greater percentage of minorities in the general population.

Lee did not raise this equal protection claim on direct appeal or in his petition for leave to appeal to the Illinois Supreme Court. In post-conviction proceedings, Lee challenged the effectiveness of the representation provided by his trial and appellate counsel. Lee argued that trial counsel failed to challenge the venue move to a county having a smaller minority population than the county where the crimes were committed and that his appellate counsel should have raised a

claim of ineffective assistance of trial counsel on direct appeal (Doc. No. 11-28, pp. 4). When the post-conviction petition was denied, Lee appealed. On review, Lee did not raise an equal protection claim regarding the trial court's change of venue decision. Rather, Lee raised an ineffective assistance of counsel argument as grounds for rehearing. In support of that claim, Lee argued that appellate counsel should have raised a claim based on the trial venue. The Illinois Appellate Court declined to rehear the appeal (Doc. No. 11-35).

Lee suggests that a pro se petition for rehearing is a proper method for raising arguments before the Illinois Appellate Court:

> He learned his court appointed attorney abandoned his Equal Protection claim only after the brief was filed. Petitioner's appointed attorney informed him that if he (petitioner) felt an issue was not properly addressed he could bring it to the attention of the appellate court in a petition for rehearing.

(Doc. No. 14, p. 5). While the Illinois Appellate Court may agree to rehear arguments, Lee did not raise an equal protection claim based on improper venue before the Illinois reviewing courts. He omitted the claim on direct appeal and omitted the claim on appeal from the order denying his post-conviction petition. Lee raised the venue argument only as underlying support for his Sixth Amendment claim targeting counsel's professional performance. This amounts to a procedural default. *See Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)(arguing that an attorney neglected to raise an issue does not give the state court the opportunity to address the underlying issue). Lee seeks to excuse this procedural default on the basis of cause and prejudice. He points to appellate counsel's decision to raise only a double enhancement issue on appeal from the denial of post-conviction relief. He also explains that he was advised to raise additional arguments in a motion for rehearing.

To excuse a procedural default on the basis of cause, a habeas litigant must show "that some

objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule" *Murray v. Carrier*, 477 U.S. 478, 488 (1985). The attorney conduct Lee describes does not qualify as cause. Appellate counsel's representation was not deficient because Lee had no Sixth Amendment right to effective assistance from an attorney during his state post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Furthermore, Lee does not meet the fundamental miscarriage of justice exception. Trial in a different venue would not have resulted in a different verdict. Grounds 1 and 5 are procedurally defaulted and are not reached on the merits.

### III.    Ground 2 - Jury Selection

Lee challenges his conviction on the basis that the prosecutor used a peremptory challenge to exclude the only potential African-American juror. In resolving this claim, the Illinois Appellate Court applied the correct federal standard (Doc. No. 11-25, pp. 4-8). Habeas relief is appropriate if the Illinois Appellate Court unreasonably applied the federal standard or made an objectively unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

Lee's race is African-American. Of the 71 prospective jurors called for jury selection, only one was also African-American. The state exercised a peremptory challenge to remove this person from the jury panel. In response to Lee's objection, the prosecutor disavowed racial motivation and offered race-neutral reasons for his decision to exercise this peremptory challenge. The trial court allowed the challenge, finding that the challenge had not been used to systematically exclude African-Americans from the jury. The trial judge explained that he would not have removed the prospective juror if he felt she had been challenged because of her race.

In *Batson v. Kentucky*, 476 U.S. 79 (1986), the Supreme Court established a three-step process for evaluating a claim that the State has exercised its peremptory challenges in a racially

discriminatory manner. First, the defendant must establish a *prima facie* case of purposeful discrimination in the selection of the jury. Once the defendant establishes a *prima facie* case, the burden shifts to the State to articulate a race-neutral reason for challenging each of the persons in question. Finally, the trial judge must consider those explanations and determine whether the defendant has met his burden of establishing purposeful discrimination.

Habeas relief may be granted if the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). A state court's decision is contrary to Supreme Court precedent if the court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or confronted facts that are materially indistinguishable from relevant Supreme Court precedent and arrived at an opposite result. A state court unreasonably applies Supreme Court precedent if there is an objectively unreasonably application of the law to the facts of the particular case or an objectively unreasonable extension or refusal to extend a principal to a new context. *Williams v. Taylor*, 529 U.S. 362, 405 - 407 (2000).

The Illinois Appellate Court evaluated the prosecutor's decision to exercise a peremptory challenge to exclude the sole African-American in the jury venire by considering the relevant circumstances, including the prosecutor's volunteered explanation for the decision to use a peremptory challenge. The Court found that the trial court did not commit clear error in accepting the prosecutor's race-neutral explanation over any inference of race discrimination that might be drawn from the fact that the challenge was used to exclude the only potential African-American juror. In making this determination, the Court observed that the prosecutor disavowed racial motivation and volunteered race-neutral reasons for using a peremptory challenge to exclude the

juror. The circumstances provided substance for race-neutral explanations. First, the excluded juror demonstrated some difficulty providing appropriate answers to simple questions designed to reveal the extent to which she understood basic concepts that would guide her to a decision. Second, the manner in which the excluded juror handled voir dire questions could logically raise concerns about her willingness to independently judge evidence. Furthermore, there was no pattern of race-based exclusions to bolster any inference of discriminatory intent. The Court also took into consideration the trial judge's remark that he would not have allowed the prosecutor to exclude the juror if he was inclined to believe that race was a factor in the decision to exercise a challenge.

Lee argues that the Illinois Appellate Court unreasonably applied the *Batson* standard using a "mixed motives" test. This position is unsupported by the record and lacks merit. The Illinois Appellate Court rationally applied the *Batson* test by considering the extent to which the facts and circumstances showed purposeful discrimination. The Court's finding that Lee's right to equal protection was not violated under the circumstances shown is not objectively unreasonable.

## IV.   Ground 4 - Natural Life Sentence

Lee argues that he was sentenced to serve his natural life in prison in violation of the due process and jury trial rights recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Under that decision, any fact (other than a prior conviction) that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. As used in this context, the term "statutory maximum" is the maximum sentence a judge may impose based solely on the facts admitted by the defendant or reflected in the jury verdict. *Blakely v. Washington*, 542 U.S. 296 (2004).

A jury found Lee guilty of capital murder, robbery, residential burglary, and theft. The jury

7

subsequently found that Lee was eligible for the death penalty.  After the jury spared Lee his life, the trial judge determined that Lee's conduct was particularly brutal and heinous and imposed a life sentence.

Lee maintains that, because the jury did not make any finding that the prosecution had proved brutal and heinous conduct beyond a reasonable doubt, the trial judge improperly extended his sentence beyond the 60-year statutory maximum.  Respondent maintains that Lee's life sentence does not violate the federal standard articulated in *Apprendi* or that any sentencing error was harmless because the jury found beyond a reasonable doubt that Lee committed murder in the course of a residential burglary and a robbery and was therefore eligible for a death sentence.

The Illinois Appellate Court determined that Lee's sentence should not be invalidated.  The Court conceded that the trial court erred in imposing a life sentence because the maximum sentence that could constitutionally be imposed based on a judicial finding of brutal and heinous conduct was 60 years.  However, the Court affirmed the life sentence on a different ground, finding that the trial judge could have imposed a life sentence based on the jury's verdict of guilt for the crimes of first degree murder, residential burglary, and robbery.  "Since a jury determined beyond a reasonable doubt those facts that exposed the defendant to a life term, the defendant received all that the right to a trial by jury assures"  *Illinois v. Lee*, No. 5-99-166 (Ill. App. July 20, 2001).

The Illinois Appellate Court's decision is not contrary to established federal law.  The defendant in *Apprendi* was charged under New Jersey law with second-degree possession of a firearm for an unlawful purpose, an offense which carried a maximum prison term of 10 years.  After Apprendi pleaded guilty, the prosecutor filed a motion seeking to enhance the sentence.  The court found by a preponderance of the evidence that Apprendi's unlawful conduct was racially motivated and imposed a 12-year sentence.  The Supreme Court held that the Due Process Clause requires that

any fact that increases the penalty beyond the prescribed statutory maximum – other than the fact of a prior conviction – must be submitted to a jury and proved beyond a reasonable doubt. Justice Stevens wrote for the Court that "the New Jersey procedure . . . is an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system." *Apprendi v. New Jersey*, 530 U.S. at 497.

Lee did not plead guilty. He was tried by a jury and his sentence was imposed under a complex statutory scheme. The Illinois Court made a concerted effort to understand the reach of the *Apprendi* decision in the context of an Illinois death penalty case. Because Lee was found guilty by a jury of additional offenses and because those jury findings provided a valid basis for a life sentence, the Illinois Appellate Court rationally declined to invalidate Lee's life sentence. That decision is consistent with *Apprendi* and *Blakely v. Washington,* where the Supreme Court explained that the sentence which cannot be exceeded on the basis of a judicial finding is "the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict . . . . " The Supreme Court has not struck down a system where a jury's verdict and a judge's findings both support the longer term on different grounds. Hence, the Illinois Appellate Court's decision is not contrary to established federal law.

Furthermore, the Illinois Appellate Court's decision does not involve an objectively unreasonable application of federal law. Federal law does not mandate a new sentencing hearing when an error does not affect the validity of the outcome. *See United States v. Cotton*, 535 U.S. 625, (2002)(an *Apprendi* error does not require automatic reversal).

### V.     Conclusion

The claim raised in Ground 3 is not cognizable in a habeas proceeding. The arguments supporting Grounds 1 and 5 are in procedural default. Grounds 2 and 4 lack merit.

IT IS RECOMMENDED that Gary Dean Lee's § 2254 petition for a writ of habeas corpus (Doc. No. 1) be DENIED.

**SUBMITTED:  May 24, 2007  .**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**